IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE GOTTSCHALL**

UNITED STATES OF AMERICA )
)
v. **F I L E D** )
)
)
RIAD SKAFF     FEB **1 3** 2007     )
)
MICHAEL W. DOBBINS )
CLERK, U.S. DISTRICT COURT )

No. 07 CR 0041 **MAGISTRATE JUDGE DENLOW**

Violations: Title 31, United States Code, Section 5332; Title 49, United States Code, Sections 46314(a) and (b)(2); Title 22, United States Code, Sections 2778(b)(2) and (c); and Title 18, United States Code, Sections 554 and 2

## COUNT ONE

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

On or about October 18, 2005, at Chicago, Illinois, in the Northern District of Illinois,

RIAD SKAFF,

defendant herein, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, did knowingly conceal and cause to be concealed more than $10,000 in United States Currency, that is approximately $25,000 in United States Currency, in a conveyance, container and on the person of another, and caused to be transported and transferred, and did attempt to transport and transfer, said United States Currency, from a place within the United States, that is Chicago, Illinois, to a place outside the United States, that is Paris, France;

In violation of Title 31, United States Code, Section 5332, and Title 18, United States Code, Section 2.

## COUNT TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about January 10, 2006, at Chicago, Illinois, in the Northern District of Illinois,

RIAD SKAFF,

defendant herein, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, did knowingly conceal and cause to be concealed more than $10,000 in United States Currency, that is approximately $100,000 in United States Currency, in a conveyance, container and on the person of another, and caused to be transported and transferred, and did attempt to transport and transfer, said United States Currency, from a place in the United States, that is, Chicago, Illinois, to a place outside the United States, that is Paris, France;

In violation of Title 31, United States Code, Section 5332, and Title 18, United States Code, Section 2.

2

## COUNT THREE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about November 14, 2006, at Chicago, Illinois, in the Northern District of Illinois,

RIAD SKAFF,

defendant herein, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, did knowingly conceal and cause to be concealed more than $10,000 in United States Currency, that is approximately $271,000 in United States Currency, in a conveyance, container and on the person of another, and caused to be transported and transferred, and did attempt to transport and transfer, said United States Currency, from a place within the United States, that is Chicago, Illinois, to a place outside the United States, that is Paris, France;

In violation of Title 31, United States Code, Section 5332, and Title 18, United States Code, Section 2.

3

## COUNT FOUR

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about October 18, 2005, at Chicago, Illinois, in the Northern District of Illinois,

RIAD SKAFF,

defendant herein, knowingly and willfully, did enter an aircraft and airport area that serves an air carrier, in violation of applicable security requirements prescribed under Title 49, United States Code, Sections 44901, 44903(b) and (c), and 44906, with intent to commit and cause to be committed, in such aircraft and airport area that serves an air carrier, a felony under a law of the United States, that is, bulk cash smuggling;

In violation of Title 49, United States Code, Sections 46314(a) and (b)(2), and Title 18, United States Code, Section 2.

4

## **COUNT FIVE**

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about January 10, 2006, at Chicago, Illinois, in the Northern District of Illinois,

RIAD SKAFF,

defendant herein, knowingly and willfully, did enter an aircraft and airport area that serves an air carrier, in violation of applicable security requirements prescribed under Title 49, United States Code, Sections 44901, 44903(b) and (c), and 44906, with intent to commit and cause to be committed, in such aircraft and airport area that serves an air carrier, a felony under a law of the United States, that is, bulk cash smuggling;

In violation of Title 49, United States Code, Sections 46314(a) and (b)(2), and Title 18, United States Code, Section 2.

5

## **COUNT SIX**

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about November 14, 2006, at Chicago, Illinois, in the Northern District of

Illinois,

### RIAD SKAFF,

defendant herein, knowingly and willfully, did enter an aircraft and airport area that serves

an air carrier, in violation of applicable security requirements prescribed under Title 49,

United States Code Sections 44901, 44903(b) and (c), and 44906, with intent to commit and

cause to be committed, in such aircraft and airport area that serves an air carrier, a felony

under a law of the United States, that is, bulk cash smuggling;

In violation of Title 49, United States Code, Sections 46314(a) and (b)(2), and Title

18, United States Code, Section 2.

## COUNT SEVEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.  At all times material to this indictment, the export and re-export of certain items of military value, known as defense articles, were governed by the Arms Export Control Act ("AECA"), Title 22, United States Code, Section 2778, and the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Section 120 et seq. Pursuant to this statute and these regulations:

  a.  Section 2778(b)(2) of the AECA provided that no defense article designated by the President of the United States under the statute and regulations cited above could be exported without an official license, known as an export license, issued in accordance with the AECA and the ITAR.

  b.  The United States Munitions List ("USML"), codified in the ITAR at 22 C.F.R. § 121.1, set forth the defense articles designated by the President which required a license to export.

  c.  The United States Department of State, Directorate of Defense Trade Controls ("DDTC"), located in the District of Columbia, had responsibility for issuing export licenses. Section 124.1 of the ITAR required that any U.S. person who intended to furnish a defense article to a foreign person must obtain approval from the DDTC, prior to export, by applying for an export license and providing information regarding the end-user, freight forwarder, consignee, and other parties involved in the export and receipt of the defense articles. Only a U.S. person could be granted a license under section 120.1(c).

  d.  Section 127.1(a)(1) of the ITAR provided that it was unlawful for any person to export or attempt to export from the United States any defense article for which a license or written approval is required without first obtaining the required license or written approval from DDTC.

  e.  Section 127.1(a)(3) of the ITAR provided that it was unlawful for any person to conspire to export, import, reexport or cause to be exported, imported or reexported, any defense article for which a license or written approval is

7

required without first obtaining the required license or written approval from DDTC.

f.     Section 127.1(d) of the ITAR provided that it was unlawful for any person willfully to cause, or aid, abet, counsel, demand, induce, procure or permit the commission of any act prohibited by, or the omission of any act required by, the AECA and the ITAR.

g.     A cellular-phone jammer, known as a Cellular Phone Blocker, is a defense article (Model, P/N CELJAM RJ-P91014), Category XI(a), covered by the United States Munitions List, and could not be exported from the United States without the exporter first obtaining an export license or authorization from the Department of State, 22 CFR § 121.1.

2.     On or about January 10, 2006, at Chicago, Illinois, in the Northern District of Illinois,

RIAD SKAFF,

defendant herein, willfully exported and caused to be exported, and attempted to export, from the United States to France a "cellular phone jammer," a device classified as a "defense article" (Model, P/N CELJAM RJ-P91014) on the USML by the ITAR of Chapter 22 of the Code of Federal Regulations, Part 121.1, Category XI(a), without first obtaining a required export license from the U.S. Department of State;

In violation of Title 22, United States Code, Sections 2778(b)(2) and (c), and Title 18, United States Code, Section 2.

8

## COUNT EIGHT

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. Paragraphs 1a - 1f of Count Seven of this indictment are realleged and incorporated by reference as if fully set forth here.

g. The following defense articles:

> Two (2) Modular Day/Night Weaponsight, Gen 3 with F9810J Tube, P/N and Model: F7201J, serial numbers 01250 and 01044, are parts covered by Category XII(c) on the USML;

> One (1) Monocular Night Vision Device, Gen 3, Single Battery, P/N: 274769-2, Model: F6015PA, serial number: 0728, is covered by Category XII(c) on the USML;

> Two (2) Night Vision Goggle, Gen 3, AN/PVS-7D, OMNI IV Commercial, P/N:270154-3, Model: F5001P, serial numbers: 04-001 and 8359, are covered by Category XII(c) on the USML; and

> One (1) F7000P Night Vision Weaponsight with Generation 3 F9800P Image Intensifier Tube, P/N 272599-1, serial number: 002, is covered by Category XII(c) on the USML,

are all covered by the USML, and could not be exported from the United States without the exporter first obtaining an export license or authorization from the Department of State, 22 CFR § 121.1.

2. On or about January 28, 2007, at Chicago, Illinois, in the Northern District of Illinois,

### RIAD SKAFF,

defendant herein, willfully attempted to export, and caused the attempted export, from the United States to France the following devices, which were then classified as a "defense

9

article" on the USML by the ITAR of Chapter 22 of the Code of Federal Regulations, Part

121.1- Category XII (a), to wit:

Two (2) Modular Day/Night Weaponsight, Gen 3 with F9810J Tube, P/N and Model: F7201J, serial numbers 01250 and 01044, are parts covered by Category XII(c) on the USML;

One (1) Monocular Night Vision Device, Gen 3, Single Battery, P/N: 274769-2, Model: F6015PA, serial number: 0728, is covered by Category XII(c) on the USML;

Two (2) Night Vision Goggle, Gen 3, AN/PVS-7D, OMNI IV Commercial, P/N:270154-3, Model: F5001P, serial numbers: 04-001 and 8359, are covered by Category XII(c) on the USML; and

One (1) F7000P Night Vision Weaponsight with Generation 3 F9800P Image Intensifier Tube, P/N 272599-1, serial number: 002, is covered by Category XII(c) on the USML,

without first obtaining a required export license from the U.S. Department of State;

In violation of Title 22, United States Code, Sections 2778(b)(2) and (c), and Title 18,

United States Code, Section 2.

10

## COUNT NINE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about January 28, 2007, at Chicago, Illinois, in the Northern District of Illinois,

### RIAD SKAFF,

defendant herein, knowingly did attempt to export, send and facilitate the transportation, and caused the attempted export, sending and transportation, from the United States to Paris, France, of certain merchandise, articles and objects, contrary to a law and regulation of the United States [Title 22, United States Code, Section 2278(b)(2) and (c), Chapter 22, Code of Federal Regulations, Part 121.1, Category XII (a)], to-wit:

Two (2) Modular Day/Night Weaponsight, Gen 3 with F9810J Tube, P/N and Model: F7201J, serial numbers 01250 and 01044, are parts covered by Category XII(c) on the USML;

One (1) Monocular Night Vision Device, Gen 3, Single Battery, P/N: 274769-2, Model: F6015PA, serial number: 0728, is covered by Category XII(c) on the USML;

Two (2) Night Vision Goggle, Gen 3, AN/PVS-7D, OMNI IV Commercial, P/N:270154-3, Model: F5001P, serial numbers: 04-001 and 8359, are covered by Category XII(c) on the USML; and

One (1) F7000P Night Vision Weaponsight with Generation 3 F9800P Image Intensifier Tube, PN 272599-1, serial number: 002, is covered by Category XII(c) on the USML,

In violation of Title 18, United States Code, Sections 554 and 2.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

11